AO 241 (Rev. 09/17)

**FILED**

JUL 18 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Western District of Ohio** |
|---|---|

| Name (under which you were convicted): Richard Lask | Docket or Case No.: **3:23 CV 1381** |
|---|---|

| Place of Confinement: **North Central Correctional Institution, P.O. Box 1812, Marion , Ohio 43302-1812** | Prisoner No.: **#A748-772** |
|---|---|

| Petitioner (include the name under which you were convicted) Richard Lask , pro se | v. | Respondent (authorized person having custody of petitioner) Warden Tom Watson |
|---|---|---|

~~JUDGE BRENNAN~~

| The Attorney General of the State of: **Ohio Attorney General, David Yost** |
|---|

**MAG. JUDGE GREENBERG**

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Court of Common Pleas, Adams County, Ohio 110 West Main Street

    West Union , Ohio 45693

    (b) Criminal docket or case number (if you know):  CRi 20170139

2.  (a) Date of the judgment of conviction (if you know):  August 14, 2019

    (b) Date of sentencing:  September 6, 2019

3.  Length of sentence:  5 years prison term, mandatory

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:  Possession of Marijuana,

    F2, sentenced to minimum mandatory five (5) yrs. prison term.

6.  (a) What was your plea? (Check one)

    ☐ (1) Not guilty        ☒ (3) Nolo contendere (no contest)

    ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   NA

_____

_____

_____

_____

_____

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☐ Jury    ☐ Judge only    NA

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☐ Yes  XXX  No

8.    Did you appeal from the judgment of conviction?

        XXXX  Yes    ☐ No

9.    If you did appeal, answer the following:

    (a) Name of court:  Court of Appeals, Fourth Appellate District, Ohio

    (b) Docket or case number (if you know):  18CA1081, 19CA1101, 20CA1117

    (c) Result:  Judgment Reversed And Cause Remanded;Affirmed in part,reversed in part and cause remanded; and Judgment affirmed.

    (d) Date of result (if you know):  June 28, 2019; March 6, 2020; and May 26, 2021.

    (e) Citation to the case (if you know):  State v.Lask,2019-Ohio-2753; State v.Lask, 2020-Ohio-1037; State v. Lask, 2021-Ohio1888.

    (f) Grounds raised:

        See Attachment

_____

_____

_____

_____

_____

    (g) Did you seek further review by a higher state court?  ☐ Yes  XXX  No

        If yes, answer the following:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Result: _____

_____

9.)   Court of Appeals, Fourth Appellate District, Ohio

Case No. 18CA1081, Decided: June 28, 2019

State v. Lask, 2019-Ohio-2753, Holdings: [1]-Defendant entered his plea
based on incorrect information about his appellate rights and therefore,
his plea was not made knowingly or intelligently; [2]-On remand, the court
had to allow defendant to withdraw his guilty plea and enter a new plea
in accordance with Crim. R. 11 and to conduct further proceedings.

II.   ASSIGNMENTS OF ERROR

[*P5]  Lask assigned the following errors for review:

> 1.)   The trial court erred in denying the Defendant of the choice
> to plead no contest and preserving [sic] his right for appeal on
> the Motion to Suppress.
>
> 2.)   The trial court erred when it found the Kansas trooper had
> probable cause to initiate a traffic stop for following too close,
> where the trial court ignored video evidence and testimony, relying
> instead on a poorly drawn inference from the Defendant['s] state-
> ment.
>
> 3.)   Tpr. Rule impermissibly extended the traffic stop beyond its
> original purpose when he did so to evaluate the demeanor of the
> Defendant and Passenger.
>
> 4.)   Trp. Rule impermissibly extended the traffic stop beyond its
> original purpose after issuing the final warning and continuing to
> interview and investigate the Defendant.
>
> 5.)   The tria court erred when it found Tpr. Rule had probable
> cause to search the defendant's vehicle based on the alleged smell
> of marijuana.
>
> 6.)   It was plain error for the trial court to ignore admitted
> evidence that was the best evidence of the contents of the email,
> namely the email itself, where the contents were crucial to a lawful
> decision, and the contents contained factual errors, embellishments,
> and ambiguities that were all prejudicial to the Defendant.
>
> 7.)   Trp. Rule had a duty to author a factually accurate email with-
> out embellishments, exaggeration [sic], or untruths.

[*P16]  Like the defendant in Engle, Lask entered his plea based on incorrect
information about his appellate rights; therefore, we conclude his plea
was not made knowingly or intelligently. We sustain the first assignment
of to the extent it challenges the validity of the guilty plea and re-
verse the trial court's judgment. This decision renders moot the remaining
assignments of error, so we need not address them. See App.R.12(A)(1)(c).

Page 3 of 16 continued...

9.)    Court Of Appeals, Fourth Appellate District, Ohio

Case No. 19CA1101, Decided:March 6, 2020

State v. Lask, 2020-Ohio-1037, Holdings: [1]-The first traffic stop (Kansas)
of defendant's vehicle violated the Fourth Amendment because the officer
could not provide any specific and articulable facts which gave rise to a
reasonable suspicion that defendant committed a traffic violation as the
officer could not remember details about the alleged violation, including
whether it happened before or after he lefted the median, and the video
footage recorded after he left the median did not depict the claimed viol-
ation; [2]- The second traffic stop (Ohio stop) was lawful because officer
had probable cause independant of the dispatch from (the Kansas stop) the
first traffic stop as defendant was observed committing a traffic violation
for failing to stop at a stop sign and drove at least half his vehicle left
of center. Also, the odor of marijuana coming from the truck provided pro-
bable cause for a search pursuant to the automobile exception.

Outcome:  Judgment affirmed in part, reversed in part and cause remanded.

II.    ASSIGNMENTS OF ERROR

[*P13]    Lask assigned the following error for review:

        1.)  The trial court erred as a matter of law finding the Kansas
        trooper had probable cause to initiate a traffic stop for following
        too close.

        2.)  Tpr. Rule impermissibly extended the traffic stop beyond its
        original purpose.

        3.)  The trial court erred as a matter of law when it found valid
        probable cause based on the alleged smell of marijuana.

        4.)  Tpr. Rule had a duty to author a factually accurate email
        without embellishments, exaggerations, or untruths.

        5.)  The trial court committed plain error where it neglected to
        review the actual email contents that was [sic] admitted into evi-
        dence.

IV.   Conclusion
[*P28]    For the foregoing reasons, we sustain in part and overrule in part the
        first assignment of error. The remaining assignments of error are moot.
        We affirm in part and reverse in part the trial court's judgment and
        remand for further proceedings consistent with this opinion.

Page 3 of 16 continued...

9.)  Court of Appeals, Fourth Appellate District, Ohio

Case No. 20CA1117, Decided: May 26, 2021

State v. Lask, 2021-Ohio-1888, Holdings: [1]- The trial court correctly
overruled defendant's motion to suppress evidence under Fourth Amendment
because even though the search-warrant affidavit referenced the unlawful
Kansas stop, the affidavit contained sufficient untainted evidence to -
establish probable cause to search defendant's residence for evidence of
criminal activity since after redacting the information gathered during
the Kansas traffic stop, the search warrant affidavit showed that shortly
after defendant left his house, the officer conducted a valid traffic
stop and discovered two pounds of marijuana inside defendant's vehicle.

Outcome:   Judgment affirmed.

[*P1]     This is an appeal from a Adams County Common Pleas Court judgment of
          conviction and sentence. Appellant assigned the following error for
          review:

               "The Search Warrant Is Invalid Where The Decision To Seek
               A Search Warrant Was Prompted By Information Gained From
               An Unlawful Search."

[*P30]    Accordingly, based upon the foregoing reasons, we overrule appellant's
          sole assignment of error and affirm the trial court's judgment.

AO 241 (Rev. 09/17)

       (4) Date of result (if you know): _____

       (5) Citation to the case (if you know): _____

       (6) Grounds raised:

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    XXX No

       If yes, answer the following:

       (1) Docket or case number (if you know): _____

       (2) Result:

_____

       (3) Date of result (if you know): _____

       (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    XXX Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)    (1) Name of court:    Supreme Court of Ohio

       (2) Docket or case number (if you know):    GEN-2023-0536

       (3) Date of filing (if you know):    April 24, 2023

       (4) Nature of the proceeding:    Writ of Habeas Corpus

       (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes    XXX No

       (7) Result:    Notice: Decision Without Published Opinion, In Habeas Corpus, Sua sponte, cause dismissed, June 6, 2023.

AO 241 (Rev. 09/17)

     (8) Date of result (if you know):     June 6, 2023.

(b) If you filed any second petition, application, or motion, give the same information:    NA

     (1) Name of court:    NA

     (2) Docket or case number (if you know):    NA

     (3) Date of filing (if you know):    NA

     (4) Nature of the proceeding:    NA

     (5) Grounds raised:    NA

     (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     ☐ Yes    XXX No    NA

     (7) Result:    NA

     (8) Date of result (if you know):    NA

(c) If you filed any third petition, application, or motion, give the same information:    NA

     (1) Name of court:    NA

     (2) Docket or case number (if you know):    NA

     (3) Date of filing (if you know):    NA

     (4) Nature of the proceeding:    NA

     (5) Grounds raised:    NA

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  XXX No   NA

(7) Result: _____ NA _____

(8) Date of result (if you know): _____ NA _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:  XXX ☐ Yes   ☐ No

(2) Second petition:  ☐ Yes   XXX ☐ No   NA

(3) Third petition:  ☐ Yes   XX☐ No   NA

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

NA

_____

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**  Lack of Subject-Matter Jurisdiction. See Attachment Exhibit-P2-
Ohio Supreme Court petition for Writ of Habeas Corpus, pgs. 44-57 incoprorated herein as

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): if fully rewritten.

The Ohio courts ruled contrary to, or unreasonably applied, clearly-established Supreme
Court case law by failing to rule that Lask's illegal (False Arrest) arrest for the un-
derlying offense (Traffic Stop) OVI that was never charged rendered the trial court with-
out Subject-matter jurisdiction, and unreasonable search/seizure, rendered search of his
vehicle unconstitutional to the warrant requirement and evidence of two pounds of mariju-
ana seized by 'exploitation' of illegal arrest was inadmissible rendered convition/sent-
ence void ab initio.

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    XXX No

(2) If you did not raise this issue in your direct appeal, explain why:    NA

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

XXX Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Writ of Habeas Corpus, Supreme Court of Ohio

Name and location of the court where the motion or petition was filed:    Supreme Court of Ohio

Docket or case number (if you know):    2023-0536

Date of the court's decision:    June 6, 2023

Result (attach a copy of the court's opinion or order, if available):    Sua sponte, cause dismissed

See Attachment Exhibit-P1- Judgment Entry of Supreme Court of Ohio, sua

sponte, dismissal.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    XXX No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    XXXX No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    NA

Docket or case number (if you know):    NA

Date of the court's decision:    NA

Result (attach a copy of the court's opinion or order, if available):    NA

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
NA

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:  <u>Writ of Habeas Corpus, Supreme Court of</u> <u>Ohio, sua sponte dismissed.</u>

**GROUND TWO:**  <u>Unreasonable search and seizure of petitioner's vehicle pur-</u> <u>suant to the warrant requirement. See Attachment Exhibit-P2- Ohio Supreme Court petition</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): for Writ of Habeas Corpus Pgs.57-68 incorporated herein as if fully re-written.

<u>The search incident to arrest was illegal for two reasons: First, the arrest was illegal.</u> <u>Second, the search incident to arrest requirement is only valid for the area in which</u> <u>the petitioner can reach. The inventory search exception is also not valid premised on</u> <u>the illegal arrest for OVI in this case as the vehicle was not legally impounded at the</u> <u>time. Either way, the information gained from the illegal (false) arrest of Lask and</u> <u>subsequent illegal search of his vehicle was used as unconstitutional prabable-cause to</u> <u>justify his pretextual illegal arrest for OVI, and subsequent illegal search of his veh-</u> <u>icle was used to obtain a warrant for his home in violation of Franks v.Delaware.</u>

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:    NA

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

XXⓍ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  <u>Writ of Habeas Corpus</u>

Name and location of the court where the motion or petition was filed:  <u>Supreme Court of Ohio</u>

Docket or case number (if you know):  <u>2023-0536</u>

AO 241 (Rev. 09/17)

Date of the court's decision: June 6, 2023

Result (attach a copy of the court's opinion or order, if available): Sua sponte dismissed

(3) Did you receive a hearing on your motion or petition? ☐ Yes  XXX☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes  XXX☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NA

Docket or case number (if you know): NA

Date of the court's decision: NA

Result (attach a copy of the court's opinion or order, if available): NA

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NA

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : Writ of Habeas Corpus, Supreme Court of Ohio, sua sponte dismissed.

**GROUND THREE:**  Affidavit in support of Search Warrant for petitioner's home contained material 'omissions' in violation of Franks v. Delaware. See Attachment Ex.-P2-pgs 69-74.Incorporated herein

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): as if fully rewritten. The Affidavit in support of Detective Sam Purdin's Search Warrant contained material omissions in violation of Franks v. Delaware, as the omissions were designed to mislead the issuing Judge, and with reckless disregard for the truth, that petitioner was Falsely arrested for OVI that was omitted from the search warrant critical material facts and evidence of probable-cause for the issuance of a search warrant is the totality of the circumstances.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  NA _____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

XXX ☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:  Supreme Court of Ohio

Docket or case number (if you know):  2023-0536

Date of the court's decision:  June 6, 2023

Result (attach a copy of the court's opinion or order, if available):  Sua sponte dismissed.

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  XXX No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  XXX No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  NA

Docket or case number (if you know):  NA

Date of the court's decision:  NA

Result (attach a copy of the court's opinion or order, if available):  NA

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NA

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  Writ of Habeas Corpus, Supreme Court of Ohio, sua sponte, dismissed.

**GROUND FOUR:**  Prosecutorial Misconduct and Brady Violation in the use of False evidence, Omitted information, False testimony in obtaining Indictment, Conviction, and Sentence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court, prosecution and its agent's knowingly and willfully with malice intent, used false evidence of alleged OVI never charged, omitted information of the same from the Affidavit for Search Warrant with reckless disregard to mislead the issuing Judge, and suborned false testimony before a grand jury to indict petitioner. See Attachment Exhibit-P2- Ohio Supreme Court, Writ of Habeas Corpus, pgs. 75-80 incorporated herein as if fully rewritten.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  NA

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

XXX
☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Writ of Habeas Corpus

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: <u>Supreme Court of Ohio</u>

Docket or case number (if you know): <u>2023-0536</u>

Date of the court's decision: <u>June 6, 2023.</u>

Result (attach a copy of the court's opinion or order, if available): <u>Sua sponte dismissed.</u>

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>NA</u>

Docket or case number (if you know): <u>NA</u>

Date of the court's decision: <u>NA</u>

Result (attach a copy of the court's opinion or order, if available): <u>NA</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
NA

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: <u>Writ of Habeas Corpus, Supreme</u> <u>Court of Ohio, sua sponte dismissed.</u>

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?  XXX Yes      ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?      ☐   Yes    XXX  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.  _____

_____

_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?      ☐   Yes    XXX  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.  _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:     NA

(b) At arraignment and plea:     Andrew B. Niehaus, 325 Tusculum Ave., Cincinnati, OH 45226-2113

(c) At trial:     Andrew B. Niehaus, 325 Tusculum Ave., Cincinnati, OH 45226-2113

(d) At sentencing:     Andrew B. Hiehaus, 325 Tusculum Ave., Cincinnati, OH 45226-2113

(e) On appeal:     Steven R. Adams, 8 West 9th Street 1st Floor, Cincinnati, OH 45202-2036

(f) In any post-conviction proceeding:     NA

(g) On appeal from any ruling against you in a post-conviction proceeding:     NA

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes  ☐ No  NA

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Mr. Richard Lask, pro se, is filing this petition within the one-year statute of limitations period. Lask submits that this is his first Federal application (Petition) for Writ of Habeas Corpus, filed in this case or any other Federal Court.

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

 

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)  .  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **Lask asks the District Court to vacate his no-contest plea and conviction and sentence and remand with instructions that the trial court release Lask unconditionally, or under the exclusionary rule supp-**

or any other relief to which petitioner may be entitled. **See Attachment hereto continued for relief...**

_Richard Lask_
_____
Signature of Attorney (if any)

Richard Lask, pro se #A748-772

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **06 / 15 / 23** (month, date, year).

Executed (signed) on _June 15, 2023_ (date).

_Richard Lask_
_____
Richard     Signature of Petitioner    Lask, pro se

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

Page 16 of 16 continued...

Therefore, petitioner asks that the Court grant the following relief: ress the fruits of the (two pounds) poisonous tree unlawfully seized and the evidence from Lasks' residence as the fruits of an unconstitutional search and seizure from his vehicle and house on a search-warrant affidavit and indictment premised on unconstitutional omissions, false evidence and false testimony of the illegal sham process followed by Lask's false arrest and his false detention and conviction and sentence and set the matter for jury trial that doesn't violate Lask's speedy-trial rights pursuant to O.R.C. 2945.71 (C) (2), of any charges arising out of the same events herein as the original possession of marijuana charged offense that the speedy-trial clock began to run on all permissible offenses to be charged and tried when the State of Ohio elected to charge Lask only with a single count (F2) of possession of marijuana.

_Richard Lask_
Richard Lask, pro se
Signature of Attorney

I declare (or certify, verify, or state) under penalty that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus and Attachment's and Exhibit's thereto was placed in the prison mailing system on 06 / 15 /2023 (month, date, year).

Executed (signed) on June 15, 2023 (date).

_Richard Lask_
Richard Lask, pro se #A748-772
Signature of Petitioner

Supreme Court of Ohio Clerk of Court - Filed June 06, 2023 - Case No. 2023-0536

# The Supreme Court of Ohio



Richard Lask

  v.

Warden Tom Watson

Case No. 2023-0536

IN HABEAS CORPUS

E N T R Y

   This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law.

   Upon consideration thereof, it is ordered by the court, sua sponte, that this cause is dismissed.

Sharon L. Kennedy
Chief Justice

Exhibit "P1"

INTER-DEPARTMENTAL

okay

2023-0536

Richard Lask A748772
NCCI - North Central Correctional Complex
P.O. Box 1812
Marion, OH 43302

The Supreme Court of Ohio

65 SOUTH FRONT STREET, COLUMBUS, OHIO 43215-3431

CLERK OF THE COURT

INTER-DEPARTMENTAL

INTER-DEPARTMENTAL

NCCC RECEIVED
JUN 1 5 2023
MAILROOM